UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MATTHEW BRYANT, JR.,

    Plaintiff,

v.                                                                              Case No. 07-13278

ASSET ACCEPTANCE. L.L.C.,                 HONORABLE AVERN COHN

    Defendant.

_____/


# MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION IN LIMINE WITHOUT PREJUDICE[1]

## I. Introduction

This is a consumer rights case. Plaintiff Matthew Bryan, Jr. (Bryant) is suing defendant Asset Acceptance, LLC (Asset) claiming violations of the Fair Debt Collection Practices Act, (FDCPA), 15 U.S.C. § 1692 et seq, Michigan's law regarding collection practices, M.C.L. § 445.251 et seq, and the Michigan Occupational Code, M.C.L. § 339.915. Bryant alleges that defendant engaged in illegal debt collection practices, including threatening telephone calls to him and his parents.

Before the Court is Asset's motion for summary judgment, or in the alternative motion in limine essentially based on Bryant's failure to provide timely responses to discovery, specifically Requests for Admission, Requests for Production of Documents.

---

[1] The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

Asset requests summary judgment or that it be granted a motion in limine to exclude evidence contradictory to the admissions. For the reasons that follow, the motion is DENIED WITHOUT PREJUDICE.

## II. Background

On August 6, 2007, plaintiff filed his complaint against defendants. Asset was served on August 7, 2007. On August 27, 2007, the parties stipulated to extend the time for Asset to respond. On September 10, 2007, Asset filed an answer and affirmative defenses. On September 18, 2007, the Court held a status conference; Bryant's counsel did not appear. The Court indicated it would issue a scheduling order allowing for sixty (60) days of discovery and setting final pretrial within ninety days (90) days. On October 22, 2007, the Court entered an Order re: Status Conference, setting a discovery cut-off of December 21, 2007 and a final pretrial for January 22, 2008, which was later rescheduled to February 5, 2008.

On December 7, 2007, Asset served Bryant with Requests for Admission, Interrogatories and Document Requests.

On January 10, 2007, counsel for Asset sent a letter to counsel for Bryant stating that the discovery responses had not been received and as a result, Asset could not depose Bryant as scheduled on January 17, 2008. Counsel for Asset also stated that if responses were not received by January 25, 2008, then it would consider filing a motion to compel.

On February 5, 2008, the parties appeared for the final pretrial. At that time, counsel for Asset stated it was going to file a motion for summary judgment in light of Byrant's failure to cooperate in discovery. On that date, the Court entered an Order

2

Setting Motion and Response Filing Deadlines and Scheduling Motion Hearing. The order directed that Asset file its motion for summary judgment by February 15, 2008, that Bryant file a response by March 17, 2008 and setting a hearing for April 2, 2008.

On February 13, 2008, Bryant responded to Asset's discovery requests.

On February 15, 2008, Asset filed the instant motion.

On March 10, 2008, Bryant filed a response.

On March 17, 2008, Asset filed a reply.

### III. Analysis

#### A.

Asset says it is entitled to summary judgment because Bryant's failure to timely respond to the requests to admit results in those matters being admitted. The matters contained within the admissions establish that Asset is not liable as a matter of law. Alternatively, Asset says it is entitled to a ruling in limine that Bryant be precluded from introducing evidence contrary to the admissions.

Bryant concedes that his response were late, but asks that the Court permit him to amend the admissions with the information provided to Asset on February 13, 2008. He also argues that there are genuine issues of material fact because Asset's request to admit did not contain all the necessary factual information to escape liability. Bryant also points to his affidavit, attached as an exhibit to Bryant's response, which he argues shows there are genuine issues for trial.

#### B.

Under Fed. R. Civ. P. 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a

3

written answer or objection . . ." Here, because Bryant did not timely respond to Asset's requests to admit, the requests are deemed admitted. While there is authority for the proposition that summary judgment may be granted on requests to admit, those case involve the circumstance where the requests go unanswered. Here, Bryant did answer the requests, albeit untimely. Moreover, while Asset says "the bulk of [Bryant's] factual allegations have been negated" by the requests to admit, it is not entirely clear that the requests to admit, even if deemed admitted, conclusively establish that Asset is not liable as a matter of law. Accordingly, summary judgment is not appropriate.

Moreover, under Fed. R. Civ. P. 36(b), the Court may permit a party to amend an admission:

> (b) Effect of an Admission; Withdrawing or Amending It. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Bryant has requested such relief, although not formally. However, the Court finds it appropriate under the circumstances to permit amendment particularly because Bryant has responded to the requests to admit.

The Court is not unsympathetic to Asset's position and does not condone Bryant's dilatory behavior. The better course, however, is to let the case rise or fall on the merits to the extent possible. The case will move forward with a new scheduling order with firm dates. That said, Asset may renew its motion if delays continue. Bryant is formally on notice that further delays or failures to timely respond will likely result in

4

dismissal of this action.[2]

    SO ORDERED.


                                            s/Avern Cohn
                                            AVERN COHN
                                            UNITED STATES DISTRICT JUDGE


Dated: March 19, 2008


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 19, 2008, by electronic and/or ordinary mail.

                                            s/Julie Owens
                                            Case Manager, (313) 234-5160

---

[2]The Court is aware that Asset has had difficulty with Bryant's counsel in scheduling Bryant's deposition. Should such delays continue, Asset may take appropriate action, including relief under Fed. R. Civ. P. 37(d).